**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**JESSICA VANGORDEN,**

                Plaintiff,          3:11-cv-1044
                                                  (GLS)

         v.

**MICHAEL ASTRUE,**
Commissioner of Social Security,

                Defendant.
_____

**APPEARANCES:**                       **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Lachman, Gorton Law Firm         PETER A. GORTON, ESQ.
P.O. Box 89
1500 East Main Street
Endicott, NY 13761-0089

**FOR THE DEFENDANT:**
HON. RICHARD S. HARTUNIAN     SERGEI ADEN
United States Attorney             Special Assistant U.S. Attorney
100 South Clinton Street
Syracuse, NY 13261

Steven P. Conte
Regional Chief Counsel
Social Security Administration
Office of General Counsel, Region II
26 Federal Plaza, Room 3904
New York, NY 10278

**Gary L. Sharpe**
**Chief Judge**

**MEMORANDUM-DECISION AND ORDER**

## I. **Introduction**

Plaintiff Jessica VanGorden challenges the Commissioner of Social Security's denial of Disability Insurance Benefits (DIB) and Supplemental Security Income ("SSI"), seeking judicial review under 42 U.S.C. §§ 405(g) and 1383(c)(3). (*See* Compl., Dkt. No. 1.) After reviewing the administrative record and carefully considering VanGorden's arguments, the Commissioner's decision is reversed and remanded for further administrative proceedings.

## II. **Background**

In September and October 2009, VanGorden filed applications for Child's Insurance Benefits (CIB) and SSI under the Social Security Act ("the Act"), alleging disability since October 1, 2008 and September 1, 2009, respectively. (*See* Tr.[1] at 49-50, 147-49, 154-57.) After her applications were denied, (*see id.* at 52-59 ), VanGorden requested a hearing before an Administrative Law Judge (ALJ), which was held on November 29, 2010, (*see id.* at 30-48, 62). On January 11, 2011, the ALJ issued an unfavorable decision denying the requested benefits, which

---

[1] Page references preceded by "Tr." are to the Administrative Transcript. (*See* Dkt. No. 9.)

became the Commissioner's final determination upon the Social Security Administration Appeals Council's denial of review. (*See id.* at 1-6, 13-29.)

VanGorden commenced the present action by filing her Complaint on September 1, 2011 wherein she sought review of the Commissioner's determination. (*See generally* Compl.) The Commissioner filed an answer and a certified copy of the administrative transcript. (*See* Dkt. Nos. 8, 9.) Each party, seeking judgment on the pleadings, filed a brief. (*See* Dkt. Nos. 13, 17.)

### III. **Contentions**

VanGorden contends that the Commissioner's decision is tainted by legal error and is not supported by substantial evidence. (*See* Dkt. No. 13 at 3-5.) Specifically, she claims that the ALJ failed to properly assess her treating physician's opinion. (*See id.*) The Commissioner counters that the appropriate legal standards were used by the ALJ and his decision is also supported by substantial evidence. (*See* Dkt. No. 17 at 12-19.)

### IV. **Facts**

The court adopts the parties' undisputed factual recitations. (*See* Dkt. No. 13 at 1-3; Dkt. No. 17 at 2-12.)

### V. **Standard of Review**

The standard for reviewing the Commissioner's final decision under 42 U.S.C. § 405(g)[2] is well established and will not be repeated here. For a full discussion of the standard and the five-step process by which the Commissioner evaluates whether a claimant is disabled under the Act, the court refers the parties to its previous decision in *Christiana v. Comm'r of Soc. Sec. Admin.*, No. 1:05-CV-932, 2008 WL 759076, at *1-2 (N.D.N.Y. Mar. 19, 2008).

## VI. Discussion

In her only argument, VanGorden asserts that the ALJ committed reversible error by failing to consider the opinion of treating psychiatrist Robert Webster, who co-signed a questionnaire completed by licensed clinical social worker Esther McGurrin. (*See* Dkt. No. 13 at 3-5.) The Commissioner counters that the ALJ considered the opinion and properly afforded it little weight. (*See* Dkt. No. 17 at 15-19.) The court agrees with VanGorden.

Medical opinions, regardless of the source, are evaluated by considering several factors outlined in 20 C.F.R. § 404.1527(c). Controlling

---

[2] Review under 42 U.S.C. §§ 405(g) and 1383(c)(3) is identical. As such, parallel citations to the Regulations governing SSI are omitted.

4

weight will be given to a treating physician's opinion that is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence." 20 C.F.R. § 404.1527(c)(2); *see Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004). Unless controlling weight is given to a treating source's opinion, the ALJ is required to consider the following factors in determining the weight assigned to a medical opinion: whether or not the source examined the claimant; the existence, length and nature of a treatment relationship; the frequency of examination; evidentiary support offered; consistency with the record as a whole; and specialization of the examiner. *See* 20 C.F.R. § 404.1527(c). Social Workers are not acceptable medical sources and thus, their opinions are not entitled to controlling weight. *See id.* § 404.1513(a), (d); SSR 06-03p, 2006 WL 2329939, at *2-3 (Aug. 9, 2006). However, the opinions of social workers "should be evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence in the file." SSR 06-03p, 2006 WL 2329939, at *3.

Here, McGurrin, who began treating VanGorden in February 2010, completed a mental questionnaire and reported that, among other things, VanGorden had a marked limitation in her ability to "[c]omplete a normal

5

work day and work week without interruptions from psychological based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods" and an extreme limitation in her ability to "[r]espond appropriately to changes in the work setting." (Tr. at 351-52, *see id.* at 317-22, 324-26, 337-38, 340, 342, 344.) Further, McGurrin opined that VanGorden's symptoms and treatment would reasonably be expected to cause more than three absences from work per month. (*See id.* at 352.) Several weeks after McGurrin completed the questionnaire, Dr Robert Webster, who had examined VanGorden on several occasions, (*see id.* at 327-28, 339, 341, 343), co-signed the form. (*See id.* at 368-70.)[3] The ALJ considered McGurrin's opinion and, noting that she was not an acceptable medical source, afforded it little weight because it was "inconsistent with treatment notes where [VanGorden] was repeatedly counseled to look for work." (*Id.* at 21.)

Although the ALJ cited to all of the medical records and specifically noted that VanGorden was evaluated by Dr. Webster, he failed to weigh Dr. Webster's opinion as to Vangorden's functional limitations. (*See id.* at

---

[3] The record contains two copies of the form, one bearing McGurrin's signature alone and one bearing Dr. Webster's co-signature. (*Compare* Tr. at 351-53, *with* Tr. at 368-70.)

6

20-21, 368-70.)  The Commissioner argues that the ALJ considered the questionnaire co-signed by Dr. Webster and determined that it only represented the opinion of McGurrin.  (*See* Dkt. No. 17 at 16-17.)[4]  However, it is unclear from the ALJ's discussion of the questionnaire whether he considered the co-signature of Dr. Webster or that the opinion given was that of Dr. Webster as well as McGurrin.  (*See* Tr. at 21.)  The point is significant because of the consideration a treating physician's opinion is entitled to.  *See* 20 C.F.R. § 404.1527(c)(2); *see also Payne v. Astrue*, Civil No. 3:10-cv-1565, 2011 WL 2471288, at *5 (D. Conn. June 21, 2011).

The Commissioner argues that, even if the questionnaire represented the opinion of Dr. Webster, substantial evidence supports the ALJ's decision to afford it little weight.  (*See* Dkt. No. 17 at 17-18.)  The court does not agree.  Remand for further administrative proceedings is appropriate because the ALJ failed to explicitly consider and weigh Dr. Webster's opinion.  *See, e.g.*, *Burgin v. Astrue*, 348 F. App'x 646, 649 (2d Cir. 2009); *Rosa v. Callahan*, 168 F.3d 72, 82-83 (2d Cir. 1999); *see also*

---

[4] The Commissioner does not dispute that Dr. Webster was VanGorden's treating physician.  (*See* Dkt. No. 17 at 15-19.)

7

*Treadwell v. Schweiker*, 698 F.2d 137, 142 (2d Cir. 1983) ("the propriety of agency action must be evaluated on the basis of stated reasons").

## VII. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the decision of the Commissioner is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for proceedings consistent with this Order; and it is further

**ORDERED** that the Clerk close this case and provide a copy of this Memorandum-Decision and Order to the parties.

February 1, 2013
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court